IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CRAIG STEVEN HOWARD,

Petitioner,

v. CIV 04-1415 MCA/KBM

ROBERT ULIBARRI, Warden,

Respondent.

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on Craig Howard's petition for a writ of habeas corpus under 28 U.S.C. § 2254. *See Doc. 1.* Because he filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), its one-year statute of limitations applies. *See, e.g.*, 28 U.S.C. § 2244(d).

The State's Answer asserts, without discussion, that Howard's § 2254 petition is time-barred under AEDPA. *See Doc. 10*, ¶ 2. I would have raised the issue *sua sponte*[1] in any event, because the record before me at first blush raises a potential limitations question. Having reviewed the record and applicable authorities, I recommend that the federal petition be found timely, and that Respondents be ordered to supplement the record.

In 1999, a jury convicted Petitioner of multiple counts as an accessory to fraudulent use of

[1] *See, e.g., Kirk v. Mullin*, 42 Fed. Appx. 336, 337 (10th Cir. 2002) ("The magistrate judge reviewed the [§ 2254] petition and *sua sponte* raised the issue of timeliness of the filing of the petition. It is clear that the magistrate judge had the power to raise the timeliness question *sua sponte. Hardiman v. Reynolds*, 971 F.2d 500, 502-04 (10th Cir. 1992).").

a credit card and forgery and conspiracy to commit the same. Having admitted he was a habitual offender, then-state district judge Lourdes A. Martínez[2] suspended part of the total sentence and sentenced Howard to serve sixteen years incarceration. *See, e.g., Doc. 10,* Exh. B.[3] The New Mexico Court of Appeals affirmed Petitioner's convictions on direct appeal on January 10, 2002. However, it remanded to correct a clerical error in the judgment that would reduce the judgment and sentence on one of the counts from a third-degree felony to a fourth-degree felony. *See, e.g., Exh. K.* The New Mexico Supreme Court denied *certiorari* on February 20, 2002, and Petitioner did not move for rehearing or pursue *certiorari* with the Supreme Court of the United States. *E.g., Exhs. L-M.*

After the direct appeal concluded, Judge Martínez entered a "Judgment On Mandate" on April 12, 2002, noting the Court of Appeals had issued the mandate ten days earlier. *Exh. O.* Sixty-seven days later, on June 18, 2002, Petitioner's new attorney filed a timely "Motion To Reduce Sentence" under New Mexico Rule 5-801(B),[4] arguing that Petitioner's successful completion of a number of rehabilitative programs while his case was on appeal warranted a reduction in sentence. *See Exh. P* (mislabeling motion as under Rule 8-501, which governs

---

[2] Judge Martínez is now a United States Magistrate Judge of this district, having taken the federal bench on April 1, 2003.

[3] Unless otherwise noted, all references to Exhibits are those attached to Respondents' Answer. *See Doc. 10.*

[4] Motions under Rule 5-801(B) "may be filed" within ninety days after: (1) "sentence is imposed," or (2) receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal," or (3) "after entry of any order or judgment of the appellate court denying review of, or having the effect of upholding, a judgment of conviction." *N.M. Rule 5-801(B).* As counsel for Petitioner noted on appeal "[t]he time requirement under [this rule] is jurisdictional," citing *State v. Lucero*, 130 N.M. 676, 30 P.3d 365 (2002). Here, counsel's motion was filed within ninety days of the district court's receipt of the mandate.

arraignments); *see also Exh. X* at 3 (subsequent defense document characterizing motion as under Rule 5-801); *Exh. CC* at 2 (same). Judge Martínez denied the motion and entered and Amended Judgment and Sentence that corrected the clerical error but which ultimately did not change his sixteen-year period of incarceration. *See Exhs. A, Q.* Petitioner's counsel appealed denial of the motion. While that appeal was pending, Petitioner filed a timely *pro se* state habeas petition,[5] which Judge Martínez denied on the basis that the district court no longer had jurisdiction due to the pending appeal. *See Exhs. R-Y.*

After New Mexico Court of Appeals affirmed Judge Martínez' decision not to reduce his sentence, Petitioner inadvertently failed to file a timely petition for *certiorari* with the New Mexico Supreme Court.[6] Now represented by the office of the public defender, Defendant moved the Court of Appeals to quash its mandate and "reset" the time for filing a petition of *certiorari*. *Exh. BB.* On July 7, 2003, the mandate was indeed recalled and reissued with a specific notation

---

[5] In contrast to motions to correct sentence under Rule 5-801, petitions for state habeas under Rule 5-802 can be brought at any time. *See, e.g., Rule 5-801(A)* ("The court may correct an illegal sentence at any time pursuant to Rule 5-802 and may correct a sentence imposed in an illegal manner within the time provided by this rule for the reduction of sentence."); *Adams v. LeMaster*, 223 F.3d 1177, 1183 (10th Cir. 2000) ("New Mexico places no time limits on filing a state habeas petition."), *cert. denied*, 531 U.S. 1195 (2001).

[6] Under Rule 12-502(B) a writ of *certiorari* "shall be filed with the Supreme Court clerk within twenty (20) days after final action by the Court of Appeals." *See also Exhibit CC* at 2 (this appeal was pursuant to Rule 12-502). The New Mexico Supreme Court has interpreted this time requirement as jurisdictional. *See Coachlight Las Cruces, Ltd. v. Mountain Bell Telephone Co.*, 99 N.M. 787, 664 P.2d 985 (1983) (quashing petition for *certiorari* filed two days late for lack of jurisdiction, citing *Gulf Oil Corp. v. Rota-Cone Field Operating Co.*, 85 N.M. 636, 515 P.2d 640 (1973)); *see also Santillanes v. LeMaster*, 12 Fed. Appx. 728, 732 (10th Cir. 2001) ("In an attempt to show that New Mexico does not apply this deadline evenhandedly or consistently, petitioner cites cases involving writs of *certiorari* directed to the New Mexico Court of Appeals. *Serna v. Bd. of County Comm'rs*, 88 N.M. 282, 540 P.2d 212 (1975); *Gulf Oil Corp.* . . . In each of these cases, while recognizing the possibility of unusual circumstances justifying a late filing, the New Mexico Supreme Court ultimately refused to excuse the untimely filing.").

that counsel "may request [New Mexico] Supreme Court to re-start time for pet. for cert." *Id.* Counsel's subsequent petition for *certiorari* mentions an "***accompanying*** Motion to Restart Time for Filing Petition for Writ of *Certiorari*." *Exh. CC,* at 2 n.1 (emphasis added). No such motion is attached to the petition in the record, and it is unclear whether counsel was referring to the motion filed with the Court of Appeals or a new motion in the New Mexico Supreme Court, or whether the New Mexico Supreme Court ruled on any such the motion. In any event, the petition for *certiorari* was summarily denied on August 5, 2003. *See Exhs. Z-EE.*

Petitioner did not request a rehearing. Instead, counsel filed a second motion to reduce his sentence on December 10, 2003 with the district court, since, by this point, Petitioner had successfully completed even more rehabilitation programs. *See Exh. FF.* The motion was initially denied as untimely, but the new district judge assigned the matter later granted Petitioner's motion to reconsider without explanation,[7] and simultaneously denied the second motion to reduce sentence on the merits on February 20, 2004. *See Exhs. GG-II.*

Four months later, Petitioner filed a second timely *pro se* state habeas petition,[8] which was denied on the merits. *See Exhs. JJ-KK.* Thereafter, he filed a timely *pro se* petition for

---

[7] I find that the second motion to reduce was timely. The district judge initially ruled that it was untimely because it was not filed within ninety days of the Amended Judgment and Sentence filed by Judge Martínez on November 26, 2002. *See Exh. GG,* ¶ 4. Defendant asked her to reconsider the decision because the law alternatively allows for a motion to be filed ***within ninety days of "an appellate court mandate."*** *Exh. HH,* ¶ 3(emphasis added). Only the first page of the motion to reconsider is part of the record, but it is plain that counsel is referring to the mandate issued September 11, 2003, after *certiorari* was denied. *See Exh. EE; see also Exh. GG,* ¶ 3 (referring to this mandate). Thus, the denial of *certiorari* would appear to qualify as "any order or judgment of the appellate court denying review of, or having the effect of upholding, a judgment of conviction." Apparently that was the basis for the judge's decision to reverse herself and deal with the motion to reconsider sentence on the merits.

[8] *See supra,* note 5.

*certiorari,*[9] which the New Mexico Supreme Court denied without explanation on September 14, 2004. *See Exhs. LL-MM.* December 8, 2004 serves as the earliest date that Howard could have mailed his *pro se* federal habeas petition (the date he signed the petition). *See Doc. 1.*

Pursuant to 28 U.S.C. § 2244(d)(1), the AEDPA one-year limitations period commences "from the latest" of four possible time periods, only one of which is implicated here – the date the state conviction became "final." In this case, that date is May 21, 2002, which is ninety days after the New Mexico Supreme Court denied *certiorari* in February 2002[10] Accordingly, absent tolling, Howard's petition was due on the "anniversary date" of May 21, 2003.[11]

After a conviction becomes "final," the limitations period is statutorily tolled for the periods "during which a properly filed application for State post-conviction or other collateral

---

[9] Petitions for *certiorari* to the New Mexico Supreme Court following denial of state habeas relief by the district court "shall be filed with the supreme court clerk within thirty (30) days of the district court's denial of the petition. . . . The three (3) day mailing period set forth in Rule 12-308 does not apply to the time limits set by this paragraph." *Rule 12-501(B).* The district court denied the habeas petition on July 30, 2004, and his petition for *certiorari* was file-stamped August 27, 2004. *See Exhs. KK, LL.*

[10] The statute defines the "date on which the judgment became final" as "the conclusion of direct review or the expiration of the time for seeking such review." *Id.*, § 2244(d)(1)(A). The "expiration of the time for seeking" direct review is also judicially-defined as including the ninety-day period in which a defendant can petition the Supreme Court of the United States for *certiorari*, provided a direct appeal is taken. *E.g., Malone v. Oklahoma,* 100 Fed. Appx. 795, 796 (10th Cir. 2004) ("Mr. Malone did not file a petition for writ of *certiorari* with the United States Supreme Court and, therefore, his conviction became final on June 28, 1999, when his ninety-day period for filing a petition for writ of *certiorari* expired," citing *Rhine v. Boone,* 182 F.3d 1153, 1155 (10th Cir. 1999), *cert. denied,* 528 U.S. 1084 (2000) and Sup. Ct. R. 13).

[11] The "anniversary date," which is as the same date of the following year, is used as opposed to the "calendar date," defined as one day before the same date of the following year. Thus, if a conviction becomes final on August 1, 1999, a petition that is filed on August 1, 2000 or before is timely under the one-year limitations period. *See, e.g., United States v. Hurst,* 322 F.3d 1256, 1260 (10th Cir. 2003); *Malone,* 100 Fed. Appx. at 796 (*Hurst* holds "that one-year limitation period in AEDPA should be calculated using anniversary date method even when intervening period includes leap year," therefore if conviction is final on June 28, 1999, petition is due June 28, 2000).

review . . . is pending." 28 U.S.C. § 2244(d)(2). Motions to reduce sentence under Rule 5-801, like state habeas relief under Rule 5-802, qualify as post-conviction review within the meaning of the statute.[12] Furthermore, the time periods in which Petitioner could have appealed or moved for rehearing are added. *See Serrano v. Williams,* 383 F.3d 1181, 1186 (10th Cir. 2004) (fifteen day period in which to more for rehearing under N.M. Rule 12-404 "applied to denials of *certiorari* by the New Mexico Supreme Court"); *Gibson v. Klinger,* 232 F.3d 799, 804 (10th Cir. 2000) ("regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law").

Here, the AEDPA limitations period began to run on the date Petitioner's conviction became final, and thus ran unabated from May 21, 2002 to June 18, 2002, when he timely filed his first motion to reduce sentence. That motion ***tolled the statute for 335 days,*** in other words from June 18, 2002 until May 19, 2003 (which includes the twenty-day period in which he could have petitioned for *certiorari* from the Court of Appeals' April 29, 2003 decision).

The AEDPA statute then ran unabated from May 19, 2003 until July 2, 2003, when counsel filed a motion to quash the mandate and asked to be permitted to file a delayed petition for *certiorari*. *C.f., Gibson,* 232 F.3d at 805-07; *Doc. 10,* ¶ 2 (Respondents' Answer does not assert that request to pursue delayed petition of *certiorari* is foreclosed by New Mexico Rules or that New Mexico Supreme Court denied delayed petition as untimely). That motion ***tolled the***

---

[12] *E.g., Byers v. LeMaster,* 30 Fed. Appx. 867, 869 (10th Cir. 2002) (untimely motions under Rule 5-801 are not "properly filed" and do not toll the AEDPA limitations period); *Truelove v. Smith,* 9 Fed. Appx. 798, 802 (10th Cir. 2001) (motions under Rule 5-801 is a means of post-conviction relief and tolls AEDPA limitations period for ninety days if state court never rules on motion).

***statute for 49 days,*** in other words from July 2, 2003 until August 20, 2003 (which includes the fifteen-day period when Petitioner could have petitioned for rehearing after the New Mexico Supreme Court's August 5, 2003 denial of *certiorari*).[13]

The AEDPA statute ran unabated from August 20, 2003 until December 10, 2003, when Petitioner filed his timely second motion to reconsider sentence. That motion ***tolled the statute for 103 days,*** from December 10, 2003 to March 22, 2004 (expiration of thirty day deadline to appeal the district court's February 20, 2004 decision, adding a day since the expiration date fell on a Sunday). *See N.M. Rule 12-201(A)(2)*.

The AEDPA statute then continued to run unabated from March 22, 2004 until Petitioner timely filed his second *pro se* habeas petition on June 21, 2004. That second petition ***tolled the statute for 105 days,*** from June 21, 2004 until October 4, 2004 (which includes the fifteen-day period for filing a motion for rehearing after *certiorari* was denied on September 14, 2004).

Adding the four time periods during which the statute was tolled (335 +49+103 +105, for a total of 592 days) to the "anniversary date" of May 21, 2003, the federal habeas petition was thus due no later than Monday, January 3, 2005. Assuming Petitioner mailed his federal petition the same day he signed it, December 8, 2004, he did so within the limitations period. Indeed, the court filed the federal petition on December 22, 2004, also within the limitations period. Therefore, Howard's federal petition pursuant to § 2254 is timely.

Wherefore,

---

[13] Without this tolling period, the federal petition is untimely even using the date Petitioner signed the federal petition.

**IT IS HEREBY RECOMMENDED** that the Court find the § 2254 petition was timely filed.

**IT IS FURTHER RECOMMENDED** that upon finding the petition timely filed, the Court also order Respondents to supplement the federal record within ninety days, so that this Court has all of the materials it needs to review the merits of the federal petition. Respondents should be ordered to supplement with everything that meets that criterion, including, but not limited to: the state "record proper" from the state district, appellate and supreme court levels; the trial transcript and/or tapes; the grand jury transcript and/or tapes; police reports and the transcript and/or tapes of police interviews.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the ten-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

Karen B Molzen

UNITED STATES MAGISTRATE JUDGE